ELIAS DIEM, PLAINTIFF-APPELLEE, v. NEW JERSEY LANDSCAPING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

NATHAN MARECH, PLAINTIFF-APPELLEE, v. NEW JERSEY LANDSCAPING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

HYMAN KIPNIS, BY HIS NEXT FRIEND, LOUIS KIPNIS, PLAINTIFF-APPELLEE, v. NEW JERSEY LANDSCAPING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January 31, 1930—Decided March 6, 1930.

Before Justices PARKER, BLACK and BODINE.

For the defendant-appellant, *Harley, Cox & Walburg.*

For the plaintiffs-appellees, *Braelow & Tepper.*

PER CURIAM.

Defendant's automobile truck in charge of a chauffeur and laborer on May 2d, 1929, ran up over the sidewalk on Prince street, Newark, and into Diem's candy store. It also struck the automobile of Nathan Marech, and injured Hyman Kipnis, a minor, who was standing on the sidewalk between his father's barber shop and Diem's candy store.

The plaintiffs brought separate suits in the District Court, and the attorneys entered into an agreement that the cases should be tried together. The defendant's attorney demanded a jury trial and paid one set of fees into court. The trial judge took the view that although the defendant was entitled to a trial by jury in one case that the parties had not agreed that there be a trial of the three cases before a single jury, and that hence the cases must proceed before him without a jury or the defendant might elect to move the trial of a single issue before a jury and the other two issues must be tried before the court.

We are constrained to believe that the District Court judge improperly construed the agreement of the parties. We think that the stipulation provided for the trial of the three issues before a single jury, and that the defendant was deprived of a constitutional right.

This view leads to a reversal and makes it unnecessary to consider the evidence as to the defendant's liability for the acts of its laborer, who with the acquiescence of its chauffeur was driving its truck. It quite clearly appears from that evidence that both men were in a state of intoxication, but we cannot now determine what facts adduced at a new trial may rebut the presumption arising from the operation on a public highway of an automobile in the possession of defendant's servants employed for that purpose. *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149.

The judgments below will be reversed.